| iDOUCET, Chief Judge,
Dissenting.
After applying a duty-risk analysis to the facts of this ease I cannot find any duty on the part of the State of Louisiana, Department of Transportation and Development (DOTD), to protect the plaintiff from the risk of being struck by a drunken driver [with a blood alcohol of 0.29%], who lost control of his vehicle while fleeing two deputies in hot pursuit, and exceeding both the posted speed limit and the advisory speed for the curve where the accident happened.
The facts in this case are not in dispute. The only issue before the court is whether or not DOTD’s duty to the motoring public encompasses the risk encountered by Mr. Graves. I find it did not.
LAW AND DISCUSSION
I agree with the theory of the ease quoted from the trial judge’s reasons for judgment as set out in the majority opinion. I also agree with the majority’s reliance on Campbell v. Department of Transportation & Development, 94-1052 (La. 1/17/95), 648 So.2d 898, as a precise statement of the Louisiana State Department of ^Transportation and Development’s liability in cases, such as the one at bar. Further, I am in complete accord with the duty-risk analysis set out by this court in Sloan v. Dailey, et al, 95-906 (La.App. 3 Cir. 12/6/95), 664 So.2d 792.
However, I find the imposition of liability upon DOTD, under the circumstances of this case, to be clearly wrong.
The plaintiff’s expert, Dr. Gene Moody, would find fault with DOTD’s failure to either cut back the vegetation on the side of the road farther or to cut down the slope of the embankment which arose from the bottom of the ditch. The trial judge, in his reasons for judgment, stated: “... all that expertise was unnecessary; one does not need a Ph.D. in engineering to know that you can’t see as far around a right hand curve if the right hand ditch is full of trees and underbrush as you would be able to if it weren’t.”
However, both Dr. Moody and DOTD’s expert, Dr. Joseph Blaschke, agreed that just before the accident the speed of the Page automobile was about 60 miles per hour (m.p.h.) (or 88 feet per second) and the speed of the Graves’ pickup truck was approximately 47.5 m.p.h. (or 70 feet per second). Thus, both vehicles were exceeding the posted advisory speed for the curve of 35 m.p.h. and the two vehicles were closing upon one another at a combined speed of 158 feet each second. Dr. Moody estimated that if the vegetation on the right hand side, of the road had been cut, that it would have been possible for Mr. Graves to have seen the Page vehicle approximately 15 to 20 feet sooner. Dr. Blaschke estimated the increase in plaintiff’s line of sight due to cutting of the vegetation would have been approximately H feet. Those distances equate to an increase in time of between 0.0886 and 0.1266 of a second in which it would have been possible for plaintiff to have seen the Page vehicle had the vegetation been completely cut. The majority points out that thejjnormal amount of time for perception and reaction is one second or approximately 10 times what would have been plaintiffs increase in time to see and react to the Page vehicle had all the brush been cut.
In light of the foregoing, and taking into consideration Mr. Graves’ own testimony that he was looking in his rearview mirror until just before the crash, it is obvious to me that the vegetation off the shoulder of the roadway played no part in this accident. Further, it is obvious that the brush growing on the highway right of way, and/or the presence of the embankment, operating alone would not have been sufficient to cause the identical result. See Sloan v. Dailey, 664 So.2d at 796. Quite simply, the accident occurred when a speeding driver, whose blood alcohol concentration was almost three times the level at which he would be considered drunk under La.R.S. 14:98 and who was fleeing law enforcement officers, failed to maintain control of his vehicle, drifted off the right hand side of the roadway, then over-corrected to the left, lost complete control of his vehicle, crossed the center line and smashed into plaintiffs oncoming pickup truck. This is a risk not encompassed by DOTD’s duty to the motoring public. It was the speeding drunk driver, fleeing police pur *1072 suit, who caused this accident, and not any breech of duty by DOTD.
Accordingly, for the reasons stated above, I dissent and would reverse the judgment of the trial court. I find no fault on the part of the Louisiana Department of Transportation and Development.